IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAREEM YOUNG, #222 970, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-298-WKW |
| | ) | [WO] |
| WARDEN FORNISS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Easterling Correctional Facility in Clio, Alabama, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights regarding disciplinary proceedings initiated against him on February 3, 2015, for indecent exposure. Named as defendants are Warden Leon Forniss, Assistant Warden, Captain McKee, Captain Smiley, and Nurse Tiffani Stanberry. Plaintiff requests damages and expungement of the disciplinary from his prison file. Upon review of the allegations in the instant complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff alleges that on February 3, 2015, Defendant Stanberry subjected him to an unfounded disciplinary charge when she falsely charged him with indecent exposure. He further claims that Defendant Stanberry was not qualified to be an arresting officer to initiate the disciplinary charge against him, that the hearing officer's finding he was guilty of the conduct charged was not supported by some evidence, and that the evidence used to support the hearing officer's finding of guilt was based on hearsay evidence. Plaintiff complains that he lost two months of good time because of the alleged false disciplinary action and requests expungement of the disciplinary from his prison file in addition to damages for mental distress, mental and emotional trauma, and defamation of character. *Doc. No. 1*.

The court has carefully reviewed Plaintiff's complaint. Upon review, the court finds that Plaintiff's claims provide no basis for relief at this time because success on such claims would invalidate the disciplinary conviction imposed on Plaintiff and the loss of good time associated with the disciplinary action. *Muhammad v. Close*, 540 U.S. 749, 754-755 (2004); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action

2

existed under section 1983.  *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court held "that *Heck* bars a prisoner's complaint that 'would, if established, imply the invalidity of the deprivation of his good-time credits.'"  520 U.S. at 64. Specifically, the Court determined that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits] is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648; *Muhmmad*, 540 U.S. at 754 (holding of *Heck* applies to prison disciplinary determinations if prisoner's claim would necessarily affect the fact or duration of his confinement); *Davis v. Hodges*, 481 Fed.Appx. 553, 554 (11th Cir. 2012)  ("*Heck* ... applies to prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement."); *Richards v. Dickens*, 411 Fed. Appx. 276, 278 (11th Cir. 2011) (Where disciplinary proceeding results in elimination of good-time credits, "a prisoner's § 1983 suit challenging [the underlying] disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence" and the lawsuit is therefore barred by *Heck*.).  As determined in *Heck* and consistently reiterated by the Court the "sole remedy in federal court" for a prisoner whose claims impact the constitutionality of the duration of his confinement is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the law is well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

Because Plaintiff asserts that he lost good time and that the February 2015 disciplinary action against him was based upon insufficient evidence, he must obtain invalidation of the disciplinary action through habeas corpus or other appropriate state remedy before he may seek relief in this court under § 1983.  The complaint establishes that the disciplinary judgment has not been expunged or invalidated in an appropriate proceeding.   "Absent expungement or invalidation of th[e] disciplinary action[], [Plaintiff's] claims are barred by *Heck*."  *Richards*, 411 Fed.Appx. at 278.

Plaintiff has not shown that the disciplinary decision he challenges has been invalidated in an appropriate civil action. Consequently, the instant collateral attack on this adverse action is prohibited by *Heck*, *supra*, and *Balisok*, *supra*. Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 regarding claims challenging the February 2015 disciplinary proceedings, and his complaint,  therefore, is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's  complaint challenging his February 3, 2015,  disciplinary proceedings be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as it is not properly before the court at this time;

2.  The complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before September 17, 2015**, Plaintiff may file  an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections

will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 3rd day of September, 2015.

                                                    /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE